**pjbmkb**

**From:** "Joshua Trainer" <jtrainer@collaborationtech.net>
**To:** <VirvoC@capewell.com>; "Mike Hickey (E-mail)" <HickeyM@capewell.com>
**Cc:** "Trainer, Asa (E-mail)" <agtrainer@comcast.net>; "Harriet Trainer - Foley (E-mail)" <oldhat201@aol.com>
**Sent:** Wednesday, April 16, 2008 10:38 AM
**Attach:** letter to CW 041608.doc
**Subject:** CTI - Capewell Agreement

Kira, Mike,
Would you please provide the attached letter to Ken MacCormac as son as it is received. If for some reason you cannot please call me immediately at 401 832-2902 (or 401) 954-1214 (cell).
Thanks in advance,
Josh

Joshua Trainer / President
**Collaboration Technologies, Inc.**
**www.CollaborationTech.net**
(401) 234-1145
(401) 234-1146 (Fax)
(401) 954-1214 (cell)

JTrainer@CollaborationTech.net

**"We Provide the Synergy™"**

[redacted]

April 16, 2008

*VIA EMAIL, RETURN RECEIPT REQUESTED*
*AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED*

Capewell Components Co. LLC.
**ATTN: Kenneth W. MacCormac**
105 Nutmeg Road South
South Windsor, CT 06074

RE: Sales and Marketing Representative Agreement dated Feb. 6, 2006 ("the Contract")

Dear Kenneth:

I am in receipt of your letter of April 14, 2008, seeking to terminate the Contract, among other things. While either party to the Contract has the right to terminate "for Cause", *ninety days' written notice is contractually required.* Thus, we will treat your April 14 letter as the 90 days' required notification.

During these 90 days, we will expect the cooperation of Capewell Components (CW) in working towards an amicable separation that will preserve and respect the rights and obligations of the parties to the Contract. First and foremost, CTI wants to be sure that the ongoing project with the Australian government is not in any way impacted by CW's decision to terminate the contract. As you know, for the past 4 months, CTI has been engaged in the execution of the purchase order for the Australian deal. In reliance upon the purchase orders (between the Aussies and CW, and, on the other hand, between CW and CTI), CTI has been expending considerable resources for the ongoing execution of that project and is on target with all of the deliverables called for. Accordingly, we are requesting that CW not communicate with the Aussies at this point until such time as we have the opportunity to meet to discuss CW's termination of the contract. We do not want CW to do anything that might jeopardize the relationship with the Aussies which, as you know, represents years of hard work and investment.

Furthermore, the subject purchase orders represent binding commitments and enforceable contracts between the respective parties thereto and cannot simply be cancelled unilaterally by a party, particularly where there has been substantial performance by a party in reliance thereon. I cannot emphasize enough to CW how important it is that CW and CTI ***first*** discuss the imminent separation of our companies ***before*** the Aussies are advised of same. CTI fully intends and expects to continue to meet its obligations under the Contract and the P.O. with CW and, until the actual termination on or about July 14, 2008, we expect CW to do the same and not take any action and/or fail to take action that might interfere with the Aussie contractual relationship. If and when it becomes necessary for CW to advise the Aussies of the termination, CTI must be involved in that process at every point. I should point out that the P.O. calls for the conclusion of the project on or about July 14, 2008, right around the time of termination, so there may not even be a need for CW to inform the Aussies of the termination prior to conclusion of the existing P.O.

In addition to an immediate meeting with CW to discuss a host of other outstanding issues, I would like today your written confirmation that CW has yet to and will NOT communicate with the

Aussies about the pending termination. CW's refusal to provide such assurance and to govern itself accordingly will be viewed as intentional interference with the contractual relations with the Aussies for which CTI will hold CW fully responsible. It is our hope that will not become necessary.

Finally, it goes without saying that CTI vehemently denies your allegations regarding its ability to support the Products. At every step of the process, CTI has been ready, willing and able to perform under the Contract and the purchase order(s) and remains so committed. We have delivered under the Contract as required and are on track toward a timely and successful execution of the Aussie contract.

Kindly contact me promptly upon your receipt of this letter to schedule a meeting as soon as possible. Needless to say, time is of the essence in addressing these matters.

Very truly,

CTI

BY:______________________

Joshua Trainer