UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COLLABORATION TECHNOLOGIES, INC.<br>Plaintiff | : | |
| | : | C.A. No. 08-165 |
| v. | : | |
| CAPEWELL COMPONENTS COMPANY, LLC<br>Defendant | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Capewell Components Co., LLC ("Capewell") for its Answer and Affirmative Defenses states as follows:

**ANSWER**

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2 that it is a Connecticut limited liability company with its principal place of business located at 105 Nutmeg Road South, South Windsor, Connecticut and that it is not registered with the Rhode Island Secretary of State. Defendant denies the remaining allegations in Paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.

5 Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 6.

7. Defendant admits that on or about April 7, 2005, the Defendant announced a "partnership" with CTI to distribute the Software and that the relationship with CTI culminated with a long-term strategic partnership agreement for the Defendant's right to distribute the Software. Defendant has insufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8.

9. Defendant admits that on or about February 6, 2006, CTI and the defendant entered into a "Sales and marketing Representative Agreement," a copy of which was attached as Exhibit A to the Complaint. Defendant denies any remaining allegations in Paragraph 9.

10. As to the allegations contained in Paragraph 10, Defendant answers that Exhibit A speaks for itself and respectfully refers the Court to Exhibit A for its true and accurate contents.

11. As to the allegations contained in Paragraph 11, Defendant answers that Exhibit A speaks for itself and respectfully refers the Court to Exhibit A for its true and accurate contents.

12. As to the allegations contained in Paragraph 12, Defendant answers that Exhibit A speaks for itself and respectfully refers the Court to Exhibit A for its true and accurate contents.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14. Defendant admits the allegations in Paragraph 14 that CTI and the Defendant collaborated on efforts to secure a purchase order from A-DOD, including when, at the end of October 2007, CTI conducted on-site testing and evaluation of the Software in Australia for A-DOD. Defendant denies the remaining allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15 that CTI issued invoices to Defendant for CTI's sales and marketing efforts, giving the Defendant credit for amounts previously owed to it by CTI, and that Exhibit B is one of these invoices. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17 that the Software licenses required by A-DOD are not simply pre-packaged CD's or DVD's and that technical development and third-party software are necessary to meet the requirements of A-DOD. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17.

18. Defendant admits the allegations in the first sentence of Paragraph 18. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18.

19. As to the allegation in Paragraph 19 that A-DOD issued a purchase order dated December 19, 2007 for 30 Software licenses for the sum of $390,800, Defendant answers that Exhibit D speaks for itself and respectfully refers the Court to Exhibit D for its true and accurate contents. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

21. As to the allegations in Paragraph 21, Defendant answers that Exhibit D speaks for itself and respectfully refers the Court to Exhibit D for its true and accurate contents.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23. Defendant admits the allegation in Paragraph 23 that it issued CTI purchase order 330803 for 30 Software licenses. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 23.

24. Defendant admits the allegations in Paragraph 24 that it would pay CTI the amount of $245,800 under purchase order 330803 for the work to be performed by CTI pursuant to that purchase order and that the difference between the amounts paid to Defendant by A-DOD and the amounts paid to CTI under this purchase order represents income to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 24.

25. Defendant admits the allegation in Paragraph 25 that it issued a revised purchase order, a copy of which is attached as Exhibit E . Defendant answers that Exhibit E speaks for itself and respectfully refers the Court to Exhibit E for its true and accurate contents. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 25.

26. Defendant admits the allegations in Paragraph 26 that CTI acknowledged acceptance of Defendant's purchase order number 330803 and issued invoice number IN2008247 to Defendant in the amount of $110,000 for the first progress payment. As to the allegations in Paragraph 26 concerning Exhibit F, Defendant answers that Exhibit F speaks for itself and respectfully refers the Court to Exhibit F for its true and accurate contents. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant admits the allegation in Paragraph 29 that it has not paid CTI the sum of $110,000 but denies that the amount is presently due and payable to CTI and any remaining allegations of Paragraph 29.

30. As to the allegations in Paragraph 30, Defendant answers that Exhibit G speaks for itself and respectfully refers the Court to Exhibit G for its true and accurate contents.

31. As to the allegations in Paragraph 31, Defendant answers that Exhibit H speaks for itself and respectfully refers the Court to Exhibit H for its true and accurate contents.

32. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32.

33. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 33.

34. Defendant is without knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 34. Defendant denies the remaining allegations in Paragraph 34.

35. As to the allegations in Paragraph 35, Defendant answers that Exhibit I speaks for itself and respectfully refers the Court to Exhibit I for its true and accurate contents.

36. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 36.

37. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 37.

**Count 1**

38. Defendant hereby incorporates its answers to Paragraphs 1-37 above as its answers to Paragraphs 1-37 of Count 1.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

**Count 2**

41. Defendant hereby incorporates its answers to Paragraphs 1-40 above as its answers to Paragraphs 1-40 of Count 2.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

**Count 3**

44. Defendant hereby incorporates its answers to Paragraphs 1-43 above as its answers to Paragraphs 1-43 of Count 3.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

**Count 4**

48. Defendant hereby incorporates its answers to Paragraphs 1-47 above as its answers to Paragraphs 1-47 of Count 4.

49 Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

**Count 5**

51. Defendant hereby incorporates its answers to Paragraphs 1-50 above as its answers to Paragraphs 1-50 of Count 5.

52 Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

The plaintiff's Complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

The plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

WHEREFORE, defendant demands judgment dismissing the complaint with prejudice and with an award of fees, costs and such further relief as the Court may deem appropriate.

/s/ Brooks R. Magratten
Gordon P. Cleary, No. 1948
Brooks R. Magratten, No. 3585
VETTER & WHITE
Attorneys for Defendant Capewell Components Co., LLC
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com
bmagratten@vetterandwhite.com

Charles L. Howard, Esq.
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, Connecticut 06103
(860) 251-5000
(860) 251-5319 FAX
choward@goodwin.com

Dated: June 17, 2008

CERTIFICATE OF SERVICE

To:

Peter J. Brockmann, Esq.
Brockman & Associates, Ltd.
77 Narragansett Avenue
Jamestown, RI 02835

I hereby certify that I electronically filed this Answer and Affirmative Defenses on June 17, 2008. The Answer and Affirmative Defenses is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten

510408 v.01